JOHNSON, Chief Justice, additionally concurs and assigns reasons. |tI agree with the majority opinion that this- matter is moot. I write separately to highlight the importance of this litigation. From the inception of the’ City using traffic cameras with the purported purpose of maintaining safety on the roads, many New Orleans citizens saw the entire operation as collection of revenue for the City. Ultimately, the plaintiffs raised legitimate constitutional issues in challenging the system set up by the city. Specifically, the plaintiffs challenged the Automated Traffic Enforcement Code of Ordinances, § 164-1701 through 1704, that required the citizen seeking review to complete a form admitting, that they either owned or were driving the vehicle. Also, the plaintiffs challenged .the role of the reviewing officer who acted as both adjudicator and city prosecutor. Lastly, they objected to the final option available to citizens to challenge a ticket—an appeal to the Civil District Court where filing fee was prohibitive, namely $400—an amount greater than that due for the ticket issued. l2Today, the Code of Ordinances as amended in 2011 rectifies all of the plaintiffs’ grievances. The City has reformed the process to ensure citizens are granted the constitutional protections to which they are entitled. This challenge to the constitutionality of the administrative review process has resulted in a benefit for all citizens of New Orleans. Although we are dismissing this action as moot, the plaintiffs have essentially obtained the relief they sought when they initiated this litigation. . ■